CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 16 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROBERT W. ORDEWALD, | ) |
| | ) Civil Action No. 5:06CV00038 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) By: Honorable Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Robert W. Ordewald, was born on May 5, 1959 and eventually completed his high school education. Mr. Ordewald has also received training as a computer programmer. Plaintiff has worked as a computer programmer and as the co-owner and operator of an auto salvage yard. He last worked on a regular basis in 2003. On October 23, 2003, Mr. Ordewald filed an application for a period of disability and disability insurance benefits. Plaintiff alleged that he

became disabled for all forms of substantial gainful employment in June 2001 due to asthma; severe depression; a three level cervical fusion resulting in nerve damage to the neck and shoulders; chronic pain in the back, neck, and shoulders; history of head injury with concussion; and difficulty in concentration. At the time of the administrative hearing, Mr. Ordewald amended his alleged disability onset date to November 26, 2003. He now maintains that he has remained disabled to the present time. The reveals that Mr. Ordewald met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mr. Ordewald's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 19, 2006, the Law Judge also ruled that Mr. Ordewald is not disabled. The Law Judge found that plaintiff suffers from a cervical spine impairment, asthma, and depression. Because of these conditions, the Law Judge determined that plaintiff is disabled for his past relevant work roles. The Law Judge found that Mr. Ordewald possesses transferrable skills. The Law Judge also held that plaintiff remains capable of performing less than a full range of light work activity, though he is limited to jobs which permit a sit/stand option. The Law Judge also recognized the interplay of environmental and emotional work-related restrictions. Given plaintiff's residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mr. Ordewald retains sufficient functional capacity to perform several specific light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See,

2

gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Ordewald has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Ordewald suffers from a variety of physical and emotional problems. In 2002, he underwent multilevel cervical fusion. He continues to suffer from significant pain in his back, neck, and shoulders. He also experiences multilevel congenital stenosis. Plaintiff has been diagnosed with some residual nerve impingement in the neck. He has undergone epidural steroid injections in order to control his cervical pain, and has received regular care from a pain specialist. Mr. Ordewald also experiences severe problems on the basis of asthma, and he has been hospitalized for treatment of this condition. Plaintiff has been treated for single episode major depression of moderate severity, though the psychological evaluations suggest that this nonexertional impairment is not of disabling severity. Finally, the

medical record raises some suspicion that Mr. Ordewald has suffered a mini-stroke, though no ischemic episode has been confirmed.

The court recognizes that Mr. Ordewald's treating pain management specialist, and a physical therapist, have produced opinions which indicate that plaintiff is disabled for all regular and sustained work activity. However, the court believes that the Administrative Law Judge's assessment of the medical record is supported by substantial evidence. Simply stated, the objective medical studies do not support the notion that plaintiff's residual musculoskeletal problems are so severe as to prevent all forms of work activity. While plaintiff complains of substantial discomfort when he remains in one position for a prolonged period of time, the Administrative Law Judge agreed that Mr. Ordewald requires a sit/stand option in order to perform light work activity, and included such a limitation in the hypothetical questions put to the vocational expert. The court believes that the finding of residual functional capacity for lighter work activity which permits a sit/stand option is essentially consistent with the objective findings from the functional capacity evaluation performed in August 2004, though perhaps not with the opinion of the evaluator. The court also notes that in finding plaintiff disabled for work as a computer programmer, the Administrative Law Judge accounted for the difficulties which Mr. Ordewald may now experience in fine manipulation due to problems with his arms and shoulders. In short, the court believes that the Administrative Law Judge's evaluation of plaintiff's musculoskeletal impairments is consistent with the objective medical record.

The court also believes that the Administrative Law Judge properly accounted for plaintiff's breathing problems and emotional limitations. As for plaintiff's asthma, the court finds that the medical record supports the notion that, other than for periods of exacerbation, plaintiff's breathing

4

problems are relatively well controlled. Moreover, the Administrative Law Judge specifically found that plaintiff is incapable of performing work which requires exposure to environmental irritants. Mr. Ordewald's depression has not been considered to be of disabling severity by any examiner. Indeed, on April 22, 2004, a psychologist specifically found that plaintiff is capable of performing regular employment activity, which does not require performance of detailed or complex tasks, and which does not require regular contact with co-workers or the public. The Administrative Law Judge included such restrictions in his hypothetical questions to the vocational expert, and in his overall findings as to plaintiff's residual functional capacity.

In summary, the court believes that the Administrative Law Judge fairly and comprehensively evaluated the medical record in this case. While the Law Judge declined to accept the opinions of a treating physician and a physical therapist indicating that Mr. Ordewald is totally disabled, the court must conclude that the Law Judge's reasoning finds support in the objective medical record documenting the severity of plaintiff's physical and emotional impairments. Having found that the Law Judge's opinion in this case is supported by substantial evidence, it follows that the Commissioner's final decision must be affirmed.

On appeal to this court, plaintiff has offered several arguments in opposition to the Commissioner's motion for summary judgment. Mr. Ordewald asserts that the Administrative Law Judge failed to consider all the impairments mentioned in his case, including fibromyalgia, somatoform disorder, and bilateral carotid artery stenosis. However, the court notes that all of these impairments were merely mentioned at various times as possible explanations for certain elements of plaintiff's symptomatology. The court believes that the Administrative Law Judge's opinion adequately addresses Mr. Ordewald's symptoms and complaints, regardless of their cause. In any

5

event, no physician has suggested that plaintiff suffers from such severe fibromyalgia, somatoform disorder, or bilateral carotid artery stenosis so as to contribute to an overall disability. While plaintiff faults the Law Judge for not undertaking an investigation as to the possible existence of other disabling conditions, it must be recognized that plaintiff carries the burden of proof in demonstrating disability for all forms of substantial gainful employment. See 20 C.F.R. § 404.1512(a).

Mr. Ordewald also argues that the Administrative Law Judge improperly substituted his opinion for those of treating sources who considered plaintiff to be totally disabled. While it is true that the Commissioner is charged to give great weight to the findings of treating physicians, see 20 C.F.R. § 404.1527(d), it is also well established that the Commissioner is not bound by medical opinions, and may reject those opinions if they are inconsistent with the objective medical record. 20 C.F.R. § 404.1527(e). In the instant case, the court must agree that the objective medical findings do not support the notion that plaintiff's musculoskeletal impairments are so severe as to prevent performance of light and sedentary forms of work.

Mr. Ordewald also contends that the Law Judge failed to properly consider lay testimony as to the severity of his subjective symptoms. In this context, the court again notes that certain of plaintiff's complaints as to the severity of his musculoskeletal problems are not fully supported by the medical record. More importantly, the court does not believe that the lay testimony is necessarily inconsistent with the notion that plaintiff is capable of performing light and sedentary levels of work. The court agrees that Mr. Ordewald is no longer able to work in his auto salvage business. The court also believes that plaintiff may no longer be able to perform the fine manipulation necessary for work as a computer programmer. On the other hand, Mr. Ordewald testified that he is able to lift about 20 pounds. (TR 50). He works on projects and attends church regularly. (TR 51-52). A friend and

6

former co-worker testified that Mr. Ordewald continues to work on a Buick automobile. (TR 59). The court believes that the Administrative Law Judge considered all of the lay testimony in evaluating plaintiff's claim for benefits. The court is unable to conclude that the Law Judge's credibility assessments are not supported by substantial evidence.

Finally, Mr. Ordewald maintains that the hypothetical questions put to the vocational expert were incomplete, and that the vocational expert did not consider all of the limitations reasonably supported by the medical record. The court finds this argument to be of the greatest concern, inasmuch as the transcript of the vocational expert's testimony is riddled with so many notations of "inaudible" tape as to raise questions as to what hypothetical questions were put to the vocational expert and what responses were made.

The administrative transcript in this case is of such poor quality as might normally support a remand of this matter to the Commissioner for a new administrative hearing. However, the court does not believe that an order of remand is necessary. In his opinion, the Administrative Law Judge gave a detailed summary of the questioning of the vocational expert. The Law Judge stated as follows:

> The Administrative Law Judge asked the vocational expert whether an individual with the following residual functional capacity (RFC), based on the FCE with the usual asthma restrictions, could perform the claimant's past work: lift or carry 50 pounds frequently; stand or walk about 2 hours in an 8-hour workday; sit about 2 hours in an 8-hour workday; avoid climbing ladders, ropes or scaffolds, but occasional climbing of stairs with a rail; avoid balancing, crouching, crawling or kneeling; occasional stooping or twisting; no overhead reaching; and avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The vocational expert testified that the RFC was considered sedentary because of the limited standing/walking and that such an individual could still do the computer programmer job. The Administrative Law Judge added to this sedentary RFC the mental restrictions of only the performance of simple, routine and repetitive work in an environment where contact with others is minimal. The vocational expert said with that additional restriction the individual could not perform the claimant' past work. The Administrative Law Judge asked the vocational expert whether jobs exist

7

in the national economy for an individual with the claimant's age, education, work experience with the foregoing residual functional capacity RFC based on the FCE with the usual asthma restrictions and the mental restrictions. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of such occupations as material handler with 38,000 in the nation and 800 in the claimant's region; hand packer with 38,000 in the nation and 280 in the region, and inspector/grader with 13,000 in the nation and 330 in the region. The Administrative Law Judge asked the vocational expert if the requirement of a sit/stand option were added to the hypothetical would it change his answer. The vocational expert said that the sit/stand option would eliminate the material handler job, but not the other two. (TR 27)

On appeal, plaintiff does not contend that the summary of the vocational expert's testimony offered by the Administrative Law Judge does not accurately reflect what was said at the administrative hearing. As documented by this summary, the court finds that the Administrative Law Judge's hypothetical questions were fair and complete, and that the questions took into account all of the variables in Mr. Ordewald's case. The court believes that the Administrative Law Judge's consideration of the vocational factors, and the assumptions under which he deliberated, were both reasonable and consistent with the medical and vocational records. The court finds that the Law Judge's hypotheticals took into account plaintiff's residual functional capacity for less than a full range of light work activity, his environmental restrictions, his need for a sit/stand option, plaintiff's safety requirements, his inability to perform complex or detailed tasks, and his restriction in terms of interpersonal contact. The court concludes that the Commissioner has carried the burden in going forward with evidence as to the existence of alternate work roles which plaintiff could be expected to perform. See Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). See also, Walker v. Bowen, 889 F.2d 47 (4th Cir. 1989).

In affirming the Commissioner's final decision, the court does not suggest that Mr. Ordewald is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from serious impairments because of his cervical problems, asthma, and depression.

8

Case 5:06-cv-00038-GEC Document 15 Filed 11/16/06 Page 8 of 9 Pageid#: 91

While the cause of certain of plaintiff's symptoms may be in doubt, the Administrative Law Judge specifically found that Mr. Ordewald does suffer from subjective limitations. However, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. Indeed, the court believes that the Law Judge was especially thorough in his assessment, and gave plaintiff the benefit of the doubt in the hypothetical questions posed to the vocational expert. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 16th day of November, 2006.

                                          United States District Judge